DANIEL G. BOGDEN
United States Attorney
CRANE M. POMERANTZ
Assistant United States Attorneys
333 South Las Vegas Blvd., Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:16-cr-00043-GMN-CWH |
| Plaintiff, | |
| vs. | STIPULATION FOR PROTECTIVE ORDER |
| ABDALLAH D. HAMEY, | |
| Defendant. | |

It is stipulated and agreed between the undersigned counsel that this Court issue an Order protecting from disclosure to the public any discovery documents containing the personal identifying information such as social security numbers, drivers' license numbers, dates of birth, or addresses, of participants, witnesses and victims in this case. Such documents shall be referred to hereinafter as "Protected Documents." The parties state as follows:

1. Protected Documents which will be used by the government in its case in chief include personal identifiers, including social security numbers, drivers' license numbers, dates of birth, and addresses, of participants, witnesses, and victims in this case.

2. Discovery in this case is estimated to be more than two thousand pages in length. Given the nature of the allegations and the facts and circumstances surrounding the crimes with which the defendants are charged, that is, that the defendants assumed identities of persons other

1

than themselves, and obtained identity documents bearing the defendants' photograph in the victims' names and personal identifiers, many of the documents in the discovery necessarily include personal identifiers. Redacting the personal identifiers of participants, witnesses, and victims would prevent the timely disclosure of discovery to defendant.

3. The United States agrees to provide Protected Documents without redacting the personal identifiers of participants, witnesses, and victims.

4. Access to Protected Documents will be restricted to persons authorized by the Court, namely defendants, attorneys of record and attorneys' paralegals, investigators, experts, and secretaries employed by the attorneys of record and performing on behalf of defendant.

5. The following restrictions will be placed on defendant, defendants' attorneys and the above-designated individuals unless and until further ordered by the Court. Defendants, defendants' attorneys and the above-designated individuals shall not:

    a. make copies for, or allow copies of any kind to be made by any other person of Protected Documents;

    b. allow any other person to read Protected Documents; and

    c. use Protected Documents for any other purpose other than preparing to defend against the charges in the Indictment or any further superseding indictment arising out of this case.

6. Defendants' attorneys shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

7. The requested restrictions shall not restrict the use or introduction as evidence of discovery documents containing personal identifying information such as social security numbers, drivers' license numbers, dates of birth, and addresses during the trial of this matter.

8. Upon conclusion of this action, defendants' attorneys shall return to government counsel or destroy and certify to government counsel the destruction of all discovery documents containing personal identifying information such as social security numbers, drivers' license numbers, dates of birth, and addresses within a reasonable time, not to exceed thirty days after the last appeal is final.

DANIEL G. BOGDEN
United States Attorney

/s/
CRANE M. POMERANTZ
Assistant United States Attorney

March 11, 2016
DATE

_____
MICHAEL SANFT, ESQ.
Counsel for defendant Hamey

March 11, 2016
DATE

ORDER

IT IS SO ORDERED.

_____
United States Magistrate Judge
DATED: March 14, 2016